| | |
|---|---|
| LINDSAY CORUM, as Legal Representative of the Estate of STEPHEN M. CORUM, Deceased, on behalf of the Estate of MARSHALL WAYNE CORUM, Deceased,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Special Master Horner<br><br>Motion to Dismiss; Influenza Vaccine; Death; Rhabdomyolysis; Metabolic Encephalopathy |

*Otwell Sayers Rankin, B. Dahlenburg Bonar P.S.C.,* Covington, KY, for petitioner.
*Julia Marter Collison,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On February 26, 2020, petitioner filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that petitioner's late father-in-law suffered injuries "including but not limited to coma, loss of consciousness, severe confusion, rhabdomyolysis, extremely elevated creatinine and creatinine kinase levels, acute liver failure, altered mental status, dementia, metabolic encephalopathy, acute personality change, lethargy, unresponsiveness, pain, [and] fatigue" and death as a result of his September 18, 2013 influenza ("flu") vaccination. (ECF No. 1.)

On October 1, 2020, I held an initial status conference explaining that there was a threshold issue of whether petitioner had standing to bring this case because she had

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

not provided proof of her capacity to file as legal representative of the vaccinee. (ECF No. 14, p. 1.) Following the status conference, I ordered petitioner to file a status report within 60 days indicating how she intended to proceed regarding the issue of her capacity to represent the vaccinee in this case.

On November 2, 2020, petitioner filed a status report indicating that she had contacted an attorney to assist her in becoming the legal representative of her father-in-law's estate. (ECF No. 16.) However, on June 4, 2021, petitioner instead filed a Motion for a Decision Dismissing her Petition. (ECF No. 24.) Petitioner indicated that "[a]n investigation of the facts and science supporting her case has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program," and that "to proceed further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program." (*Id.* at 1.) Petitioner further stated that she "understands that a decision by the Special Master dismissing her petition will result in a judgment against her. She has been advised that such a judgment will end all of her rights in the Vaccine Program." (*Id.*)

To receive compensation in the Vaccine Program, petitioner must prove either (1) that the vaccinee suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that the vaccinee suffered an injury that was actually caused by a covered vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). To satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion.

Petitioner's medical records do not support her allegations by a preponderance of the evidence and she did not file a medical opinion from an expert in support of her allegations. Accordingly, the undersigned **GRANTS** petitioner's Motion for Decision Dismissing Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

## CONCLUSION

This case is now **DISMISSED**. The clerk of the court is directed to enter judgment in accordance with this decision.[2]

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master
